VA'ALELE ALE, Appellant

v.

LEFANO FALEALILI, Appellee

[In the matter of the Matai Title "LA'APUI"
in the Village of Fitiuta]

High Court of American Samoa
Appellate Division

AP. NO. 6-86

January 22, 1987

Before REES, Chief Justice, MURPHY, Associate
Justice, KENNEDY*, Acting Associate Justice, TAGO,
Associate Judge, and A'AU, Associate Judge.

Counsel: For the Appellant, Aviata Fa'alevao
For the Appellee, Malaetasi Togafau

PER CURIAM:

This is an appeal from a judgment of the Land
& Titles Division of the High Court, which awarded
the Matai title "La'apui" of the Village of
Fitiuta. Title was awarded to the claimant Lefano
Falealili, and a competing claimant, Va'alele Ale,
now takes this appeal.

The appellant's first contention is that the
trial court erred in finding that appellee has a
1/16 hereditary right to the title. The basis for
this holding is that appellee is descended from the
first titleholder through his mother and also

7

through his father. Since his relationship to the first titleholder on each side is that of a great-great-great-grandson (1/32), the trial court accepted his claim that his blood relation to the title was 1/16. This was the same relation claimed by the appellee, whose 1/16 relationship was based on his claim to be a great-great-grandson of the original titleholder. (Appellee, however, traced his ancestry to a _different_ "original titleholder" than the one identified by appellant and some of the other candidates.) Appellee argues that it is contrary to Samoan custom for a person who is related to a title on both sides of his family to claim a greater hereditary right than if he were related on only one side.

This is apparently a case of first impression. The issue seems to be another unplanned consequence of the trial court's decision In Re Matai Title Sotoa, No. 5-82, holding that hereditary right may be traced only to the original titleholder. Since appellant does not contest that holding, but rather relies upon it and praises it, we do not have occasion to reconsider it in this case. Appellant does not, however, offer any authority --- either in the form of evidence of family tradition or Samoan custom adduced at trial, or of argument based on customs and traditions of which the court might take judicial notice --- for his position that a candidate may not cumulate more than one relationship to a title. Instead he offers a detailed explanation of what the trial court decided and the bare (although vigorous and repeated) assertion that the court was wrong. In the absence of a clear showing that the trial court erred either as a matter of fact or as a matter of law, we will not disturb its finding.

In any case, we are inclined to agree with the trial court. In choosing a matai the court should strive to decide as the family itself would decide in accordance with fa'a Samoa. Barring a case in which a candidate's parents were so closely related as to suggest an impropriety, it seems quite likely that a candidate descended from two different clans of the family would be more likely to prevail than if he were descended from only one clan. We reserve any dispositive judgment on this question, however, for a case in which the issue is properly developed through expert testimony at trial or through reasoned and supported argument about the applicable customs.

8

The next issue for our determination is the appellant's contention that the procedural rules for the composition and deliberations of the Land & Titles Division were violated when the Justice of the High Court, who was the Chief Justice in this particular case, withdrew from the deliberations of the four Associate Judges, limiting his participation to presiding at the trial and preparing and signing the opinion. We find no error in the court's having chosen this manner to conduct its deliberations. The statute itself, by allowing the Justice of the High Court to have a determining vote only if there is a division among the four Associate Judges, is directed toward producing a consensus on their part. See A.S.C.A. § 3.0240. If the permanent Justice of the court deems it appropriate to withdraw from the deliberations at some point to effect that result, we find no impropriety, provided he has presided over the trial and participates in the written final judgment of the court.

Finally, the appellant argues that the Land & Titles Division was clearly erroneous in finding that neither candidate prevailed in demonstrating support of a majority or a plurality of the clans of the family. This is a matter on which the evidence both as to the number of clans and their respective support for the candidates was controverted, and we find no basis on this record to set aside the lower court's determination.

We hold also that the lower court was not clearly erroneous in finding that the prevailing candidate had preference on the issue of value to the family, village, and country. We agree with the appellant that his background and accomplishments are exceptional, but note that the appellee, too, has demonstrated fidelity and loyalty to the community and a constancy that qualifies him to the award of title under the criterion of his value to the family, village, and country. The High Court noted the following in its decision:

> We hasten to point out that seldom in our experience have we been presented with such a slate of outstanding candidates for a title each of whom is a credit to the family, to the village and to the territory. This was not an easy decision and the family is fortunate to have such men offering their services as matais.

9

We concur in that observation, and note that the appellant has made a strong showing on appeal based on his excellent educational background, his employment accomplishments, his church affiliations, his civic activities, and his income capacity. Nevertheless, we find that the Land & Titles Division was not clearly erroneous in making the decision as it did. Its judgment is AFFIRMED.

Murphy, J., concurring:

I concur that the judgment of the Trial Court be affirmed. I continue to question the usefulness of an Appellate procedure in matai cases. See AP No. 20-85 Aoelua v. Tagoa'i (March 20, 1986) (Murphy concurring); AP No. 7-86 Registration of Le'iato (December 22, 1986) (Murphy dissenting)

In this case Appellant has made an effort to raise issues of law which the majority opinion discusses. In reality they are not legal issues. Whether a family traces hereditary rights directly to the original title holder or to the last living holder of the title is not, for example, a legal issue. It is a matter of custom and tradition and should not be treated otherwise by either the judicial or legislative branch of the government.

---

* Honorable Anthony M. Kennedy, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.